JORGE N. BETANCOURT, Plaintiff and Appellant, *v.* U. S. FIDELITY & GUARANTY CO., and ROBERTO VILLAFAÑE, ETC., Defendants and Appellees.

No. 10966. Argued November 2, 1953.—Decided September 6, 1955.

*Nicolás Torres Marrero* and *Juan F. Ramírez Albite* for appellant. *Juan Enrique Géigel* for appellees.

PER CURIAM.

An amended complaint was filed against the U. S. Fidelity and Guaranty Co., and Roberto Villafañe, also known as Roberto Vizcarrondo, to recover compensation for damages. It was alleged, in brief, that an automobile belonging to Roberto Villafañe, insured by the codefendant company and driven by Miguel Cestari—mentioned in the record also under the name of Miguel Chestary Carrión—"who at the time was acting as agent of codefendant within the scope of agent,

of Mr. Villafañe" negligently collided with a motor vehicle owned by the plaintiff causing the latter contusions, bruises and other injuries. The complaint was answered and a trial was held. The plaintiff offered in evidence a copy of certain clauses of the insurance contract held by the defendants and such evidence was admitted with the consent of said defendants. [1] After plaintiff concluded his evidence, with the exception of the testimony of a physician, [2] the defendants filed a motion for nonsuit requesting the dismissal of the complaint on the ground that even after giving credit to such evidence, the same would only show that the automobile had been lent by Villafañe to Miguel Cestari for the purpose of taking the children of the former to school, which in nowise proved "the agency which must necessarily be established as provided in § 1803 of the Civil Code of Puerto Rico, according to the amendment adopted in 1943," a contention which was based on the decision in *Díaz v. Iturregui*, 72 P.R.R. 191. The trial court finally granted the motion for nonsuit and rendered judgment dismissing the complaint. The plaintiff appealed, and assigned such dismissal as the only error committed by the court.

In deciding the motion for nonsuit the lower court stated, among other things, that "The evidence which the plaintiff has presented in this case shows that Miguel Chestary Carrión was driving the automobile of the defendant Roberto Villafañe, following the instructions of the latter, to take Villafañe's children to school," adding that, "Ches-

---

[1] The third clause, on the subject, reads as follows: "With respect to the insurance for bodily injury liability and for property damage liability the . . . word 'Insured' includes the Named Insured and also includes any person while using the automobile and any person or organization legally responsible for the use thereof, provided the actual use of the automobile is by the Named Insured or with his permission. The insurance with respect to any person or organization other than the Named Insured does not apply: . . ."

[2] It was considered that the testimony of the doctor lacked importance for the purpose of the motion for nonsuit.

tary Carrión being a pupil of the defendant Villafañe and there being no labor contract between them by virtue of which Chestary Carrión should be driving Villafañe's automobile at the time of the accident, it is definitely clear that, in accordance with the decision of the Supreme Court in *Díaz* v. *Iturregui, supra*, Villafañe has no civil liability for the damages caused by Miguel Chestary Carrión in the operation of Villafañe's vehicle."

In our opinion the judgment should be affirmed insofar as Roberto Villafañe· is concerned, on the authority of our decision in *Díaz* v. *Iturregui, supra*, and reversed in respect to the U. S. Fidelity & Guaranty Co.

■■ Once the appellant presented in evidence, with the consent of the defendants as we have said, a copy of certain clauses of· the insurance policy, among them the omnibus clause copied in footnote 1, the complaint became amended pursuant to the provisions of Rule 15(*b*) of the Rules of Civil Procedure, *Arcelay* v. *Sánchez*, 77 P.R.R. 782,[3] and there was included in the suit the question—which has nothing to do with the decision in the case of Iturregui—relative to the subsidiary liability of the U. S. Fidelity & Guaranty Co., under the terms of the quoted clause, for the acts directly charged against Miguel Chestary Carrión, who, according to the lower court, was driving Villafañe's car with his permission. [4]

---

[3] There is no need to consider the motions filed by the appellant after the trial, but before the motion for nonsuit was granted, asking leave to conform the pleadings to the evidence. The complaint was amended, as we say in the opinion, from the moment in which a copy of the clauses of the insurance policy was admitted in evidence, with the consent of the defendants.

[4] By Act No. 60 of April 17, 1952 (Sess. Laws, p. 128), § 175 of the Act known as the Insurance Law of Puerto Rico (No. 66 of 1921, Sess. Laws, p. 522) was amended, and since then such section has read thus: "Any clause in an insurance contract depriving the insured of his right to claim in the courts of justice, at any time after the occurrence of the accident against which the insurance was made, the amount of any loss suffered and which has been the object of such insurance, shall be illegal. When the

The judgment appealed from will be affirmed with regard to Roberto Villafañe and reversed as to the U. S. Fidelity & Guaranty Co., and the case will be remanded to the lower court for further proceedings not inconsistent with this opinion.

person causing the damage is insured against the accident which caused the loss or damage, and in the case where the insurance policy has been issued in favor of a third person, the action to claim such indemnity as may be proper may be presented against the insurance company only, or jointly against the insured person and the insurance company. The court shall determine not only the liability of the company, but also the amount of the loss." The provisions in this Section, thus amended, are applicable to the instant case, *Pérez* v. *Maryland Casualty Co. ante,* p. 453.